[Cite as *Glover v. May*, 2020-Ohio-557.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | | |
|---|---|---|
| | | JUDGES: |
| EZELL GLOVER | : | Hon. William B. Hoffman, P. J. |
| | : | Hon. W. Scott Gwin, J. |
| Petitioner | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2020 CA 0017 |
| HAROLD MAY, WARDEN, | : | |
| RICHLAND CORRECTIONAL | : | |
| INSTITUTION | : | OPINION |
| | | |
| Respondent | | |


CHARACTER OF PROCEEDING:     Writ of Habeas Corpus


JUDGMENT:                                  Dismissed


DATE OF JUDGMENT ENTRY:        February 14, 2020


APPEARANCES:

For Petitioner                                For Respondent

CATHERINE H. BREAULT, ESQ.
Rion, Rion & Rion, L.P.A., Inc.
130 W. Second Street, Suite 2150
Box 10126
Dayton, Ohio 45402

*Gwin, J.,*

{¶1} On February 3, 2020, Petitioner, Ezell Glover filed a Petition for Writ of Habeas Corpus. Mr. Glover maintains he should be released from custody because the Ohio Adult Parole Authority ("OAPA") waited until November 27, 2006, after his third incarceration in Georgia in 2005, to notify him that he was being charged with a parole violation stemming from a 1983 Ohio conviction. Mr. Glover served sentences and was released twice from the Georgia Department of Corrections in 1997 and 2004. However, the OAPA never attempted to pursue him until his 2005 Georgia incarceration. Mr. Glover argues the delay in OAPA's issuance of the detainer resulted in a violation of his due process rights. Mr. Glover also requests habeas relief on the basis that he should receive credit for time on parole and time served while incarcerated in Georgia.

{¶2} We will not address the merits of Mr. Glover's writ. He failed to comply with the requirements of R.C. 2725.04(D) by not attaching copies of all of his commitment orders. Section (D) provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶3} No commitment papers are attached to Mr. Glover's writ regarding his five incarcerations. The only attachments are his declaration and a printout from the Ohio Department of Rehabilitation and Correction that indicates his location of incarceration, offenses committed, and sentence and parole hearing information for his current incarceration. We have no information about his Georgia incarcerations which are pertinent to the arguments presented in his writ and necessary for the complete

understanding of the petition. The Ohio Supreme Court explained in *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992):

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

(Citations omitted.)

{¶4} "This omission [lack of commitment papers] renders the petition fatally defective and subject to dismissal." (Citations omitted.) *Fugett v. Turner*, 140, Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶ 2. The Fifth District has reached the same conclusion in the following cases: *State v. Willeke*, 5th Dist. Morrow No. 12-CA-1, 2012-Ohio-1755, ¶ 6 ("We further note a 'Court of Appeals [is] required to dismiss [a] petition for habeas corpus sua sponte, where defendant failed to * * * attach a copy of commitment or cause of detention to petition * * *' "). *See also Miller v. Bradshaw*, 5th Dist. Richland No. 2011-CA-79, 2011-Ohio-4972, ¶ 5; *Bogan v. Hall*, 5th Dist. Richland No. 09CA100, 2009-Ohio-4755, ¶ 3; *State ex rel. Racic v. Stark Cty. Sheriff*, 5th Dist. Stark No. 2009 CA 00285, 2009-Ohio-6436, ¶ 3.

{¶5} For these reasons, we sua sponte dismiss Mr. Glover's writ of habeas corpus. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶6} CAUSE DISMISSED.

{¶7} COSTS TO PETITIONER.

{¶8} IT IS SO ORDERED.


By Gwin, J.,

Hoffman, P.J., and

Wise, John, J., concur